sumre (rev. 04/20)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| In Re:<br>Jeniel Ann Godin | § § § § | |
| Debtor(s) | § | Case No.: 25-41902-mxm7 |
| | § | Chapter No.: 7 |
| Jeniel Ann Godin | § | |
| Plaintiff(s) | § | Adversary No.: 25-04116-mxm |
| vs. | § | |
| Nelnet | § | |
| | § | |
| United States Department of Education | § | |
| Defendant(s) | § § § | |

## REISSUED SUMMONS IN AN ADVERSARY PROCEEDING

To the above-named defendant:

You are hereby summoned and required to serve upon Warren V. Norred, Plaintiff's attorney (or if plaintiff is not represented by counsel, upon plaintiff), whose address is

Norred Law PLLC
515 E. Border Street
Arlington, TX 76010

either a motion or an answer to the complaint which is now served upon you. If you elect to respond first by motion, as you may pursuant to Bankruptcy Rule 7012, that rule governs the time within which your answer must be served. Otherwise, you are required to serve your answer upon plaintiff's attorney (or upon plaintiff if plaintiff is not represented by counsel) within 30 days of the date of issuance of this summons by the clerk (or by the following date prescribed by the court: N/A) except that the United States or an office or agency thereof shall serve an answer to the complaint within 35 days after issuance of the summons.

*{If this summons and complaint is served in a foreign country}* Service of your answer must be made by the following date and prescribed by the court: N/A

The motion or answer served by you must be filed with this court either before service or within a reasonable time after service. **IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS SUMMONS, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED BY THE COMPLAINT.**

DATED: 11/20/25

FOR THE COURT:
Stephen J Manz, Clerk of Court

by: /s/Jennifer Speer, Deputy Clerk



In Re: Godin v. United States Department of Education et al
Case No. 25−41902−mxm7 −7
Adv. No. 25−04116−mxm

## SUMMONS SERVICE EXECUTED

I, Clayton L. Everett

of** Norred Law, PLLC 515 E. Border Street, Arlington, TX 76010

certify:

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and all times during service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made;

That on the 26th day of November , 2025 I served a copy of the within summons, together with the complaint filed in this proceeding, on

CT Corporation System

the defendant in this proceeding, by {describe here the mode of service}

USPS First-Class Mail Postage Pre-paid and

Certified Mail Return Receipt Requested: 9589 0710 5270 3001 8204 38

the said defendant at

CT Corporation System
Nelnet, Inc.
1999 Bryan St. #900
Dallas, TX 75201

I certify under penalty of perjury that the foregoing is true and correct.

Executed on November 26, 2025          /s/ Clayton L. Everett
           (Date)                            (Signature)

** Norred Law, PLLC 515 E. Border Street, Arlington, TX 76010
   State mailing address

Clayton L. Everett | State Bar No. 24065212
Norred Law, PLLC | 515 E. Border St. | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Counsel for Plaintiff

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re: Jeniel Ann Godin, | Case No. 25-41902-mxm7 |
| Debtor | Chapter 7 |
| JENIEL ANN GODIN, | |
| Plaintiff, | Adversary No. _____ |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION and NELNET, | |
| Defendants. | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT UNDER 11 U.S.C. § 523(a)(8)

Plaintiff Jeniel Ann Godin ("Plaintiff" or "Debtor") brings this adversary proceeding to discharge federal student loan obligations on the basis that repayment would impose an undue hardship, as contemplated by 11 U.S.C. § 523(a)(8).

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper in this district pursuant to 28 U.S.C. § 1409.

2. Plaintiff is a debtor in a Chapter 7 case pending before this Court.

## II. PARTIES

3.     Plaintiff is an individual debtor residing in Fort Worth, Texas.

4.     Defendant, United States Department of Education, is an agency of the United States that holds or guarantees Plaintiff's federal student loans. The Department of Education can be served at U.S. Department of Education, Office of the General Counsel, 400 Maryland Avenue, SW, Room 6E231, Washington, DC 20202-2110.

5.     Nelnet is a federal loan servicer for the Department of Education and may be served at its legal address. Nelnet can be served at Nelnet, Inc., 121 South 13th Street, Suite 201, Lincoln, NE 68508 and through their registered agent at CSC – Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## III. BACKGROUND FACTS

6.     Plaintiff filed Chapter 7 bankruptcy on May 28, 2025, in the Northern District of Texas in Case No. 25-41902-mxm7.

7.     Plaintiff seeks discharge of federal student loan debt totaling approximately $40,426.93, which is held or serviced by Nelnet on behalf of the Department of Education.

8.     Plaintiff's current monthly income is $0, with only $500 in family contributions at the time of filing.

9.     Plaintiff's monthly living expenses exceed $3,200, resulting in a monthly shortfall of more than $2,700.

10.    The loans are currently in deferment and have never left that status due to ongoing financial hardship.

## IV. EDUCATIONAL AND EMPLOYMENT HISTORY

11. Plaintiff attended Salem State University from 2013 to 2018, completing 116 of 121 credits toward a Bachelor's in Social Work but was involuntarily removed from the program due to a hostile and unfair internship termination.

12. Plaintiff was granted a Bachelor's degree in Psychology instead, which has not enabled stable, gainful employment.

13. Since graduation, Plaintiff has held over 23 jobs, most of them short-term or involuntarily terminated.

14. Plaintiff is not employable in social work, corrections, or law enforcement—the fields most closely associated with her academic background.

## V. UNDUE HARDSHIP ANALYSIS

### A. Inability to Maintain a Minimal Standard of Living

15. Plaintiff has no current employment, no reliable income, and no assets of value.

16. Plaintiff receives no government assistance and is not eligible for spousal or family financial support going forward.

### B. Persistent Circumstances

17. Plaintiff suffers from diagnosed ADHD, a disability that significantly impairs her ability to maintain stable employment.

18. Her employment history demonstrates chronic instability that is unlikely to improve, especially given her exclusion from previous professions due to blacklisting and credentialing limitations.

## C. Good Faith Effort to Repay

19. Plaintiff made efforts to repay loans by consolidating a few of her early student loans via a personal loan that she repaid in full by 2019.

20. Since 2018, all remaining student loans have remained in deferment due to financial hardship.

21. Plaintiff attempted to enroll in an IDR plan during periods of employment and was offered $0 payment based on income, but returned to deferment after job loss.

## VI. CAUSE OF ACTION – DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(8)

22. Plaintiff reasserts and incorporates the preceding paragraphs.

23. Requiring Plaintiff to repay her student loans would impose an undue hardship on her and would defeat the fresh start purpose of the Bankruptcy Code.

24. The student loan debts owed to Defendants should be declared dischargeable under § 523(a)(8).

WHEREFORE, Plaintiff Jeniel Ann Godin respectfully requests that this Court:

A. Enter a judgment declaring that her student loans owed to Defendants are dischargeable under 11 U.S.C. § 523(a)(8);

B. Grant such other relief as this Court deems just and proper.

Respectfully submitted:

By: __/s/ Clayton L. Everett____
      Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Plaintiff

BTXN 090 (rev. 12/09)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS

In Re: §
Jeniel Ann Godin §
§ Case No.: 25-41902-mxm7
Debtor(s) § Chapter No.: 7
§
Jeniel Ann Godin §
Plaintiff(s) § Adversary No.: 25-04116-mxm
§
vs. §
United States Department of Education et al. §
Defendant(s) §

# ORDER REGARDING ADVERSARY PROCEEDINGS TRIAL SETTING AND ALTERNATIVE SCHEDULING ORDER

An adversary complaint is set for trial routinely at the time of its filing. Special settings or pretrial conferences may be scheduled by contacting the appropriate Courtroom Deputy.

**TRIAL** is set before the **Honorable Mark X. Mullin** at **Room 128, U.S. Courthouse, 501 W Tenth Street, Fort Worth, TX 76102** the month of **March 2026.** Docket call for this trial will be held on **February 26, 2026** at **9:00 A.M.** at **https://us-courts.webex.com/meet/mullin**. A pretrial conference shall be scheduled by the parties at least seven (7) calendar days prior to trial docket call in a complex adversary proceeding if the parties anticipate that trial will exceed one day or if there are preliminary matters that should be addressed by the Court prior to the commencement of trial.

## PART I: INSTRUCTIONS

1. Plaintiff is responsible for ensuring that proper service is provided to each defendant. The Clerk shall issue one original summons, which shall be conformed by the plaintiff for service on multiple defendants. Federal Bankruptcy Rule 7004(e) requires you to serve the fully completed **SUMMONS** form and a copy of the **COMPLAINT** on each defendant within seven (7) days of issuance. In addition, the Court also directs that this **ORDER** *be served with the* **SUMMONS and COMPLAINT.**

2. Plaintiff shall file a **RETURN** on the **SUMMONS** with a **CERTIFICATE OF SERVICE** that provides the name and address of each party served and the manner of service.

3. If a trial setting is passed for settlement at trial docket call and no written request is filed to retain the case on the Court's docket, an automatic Dismissal Without Prejudice shall be entered on or after four (4) weeks. The Court's Trial Calendar is available on the court's web site at www.txnb.uscourts.gov.

## PART II: GENERAL PROVISIONS GOVERNING DISCOVERY

1. Unless otherwise ordered by the Court, the disclosures required by Federal Bankruptcy Rule 7026(a) shall be made within fourteen (14) days of the entry of a scheduling order, including the Alternative Scheduling Order contained in Part III below (which shall become effective on the forty-sixth day following the entry of this Order.

2. Unless the parties agree or the Court orders otherwise, Federal Bankruptcy Rule 7026(f) requires that parties shall confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Federal Bankruptcy Rule 7026(a)(1), to develop a proposed discovery plan, and to submit a proposed scheduling order. The parties shall confer with each other regarding these matters within thirty (30) days of the service of the Summons unless the Court orders otherwise.

3. During such conference, the parties may agree to waive the requirement of submitting their own proposed scheduling order and may follow the terms and deadlines contained in the Alternative Scheduling Order set forth in Part III below (the "Alternative Scheduling Order"). If the parties do not submit a proposed scheduling order or do not schedule a status conference with the Court to discuss the provisions and deadlines of a scheduling order within forty-five days of the filing of this adversary proceeding, then the parties are deemed to have consented to the terms of the Alternative Scheduling Order.

## PART III: ALTERNATIVE SCHEDULING ORDER

The Court directs compliance with the following schedule:

1. Discovery must be completed forty-five (45) days prior to Docket Call. The names and addresses of experts must be exchanged sixty (60) days prior to Docket Call.

2. A Joint Pretrial Order in compliance with Local District Court Rule 16.4 shall be filed, served, and uploaded for Court entry seven (7) days prior to Docket Call. All counsel (or a pro se party) are responsible for preparing the Joint Pretrial Order, which shall contain the following: (a) a summary of the claims and defenses of each party; (b) a statement of stipulated facts; (c) a list of the contested issues of fact; (d) a list of contested issues of law; (e) an estimate of the length of trial; (f) a list of additional matters which would aid in the disposition of the case; and (g) the signature of each attorney (or pro se party).

3. Each exhibit shall be marked with an exhibit label. Except for impeachment documents, all exhibits, along with a list of witnesses to be called, shall be exchanged with opposing counsel (or pro se party) fourteen (14) days prior to Docket Call. Each party shall also file a list of exhibits and witnesses fourteen (14) days prior to Docket Call. All exhibits not objected to in writing by Docket Call shall be admitted into evidence at trial without further proof, except for objections to relevance. Written objections to exhibits will be taken up either at the beginning or during the course of the actual trial or at any pretrial conference.

4. Written Proposed Findings of Fact and Conclusions of Law shall be filed seven (7) days prior to Docket Call. Trial briefs shall be filed addressing contested issues of law seven (7) days prior to Docket Call.

5. Unless otherwise directed by the Presiding Judge, all dispositive motions must be heard no later than fourteen (14) days prior to Docket Call. Accordingly, all dispositive motions must be filed no later than forty-five (45) days prior to Docket Call, unless the Court modifies this deadline.

6. All parties and counsel must certify to full compliance with this Order at Docket Call. If a resetting is allowed by the Court, the plaintiff or plaintiff's attorney shall notify all other parties and shall file with the Clerk a certificate of service indicating the manner, date, and to whom notice was given.

7. If the case is reset, all the deadlines in Part III nos. 1 through 5 will be shifted to the newly scheduled Docket Call date in the absence of a contrary Court order.

8. Sanctions may be imposed for failure to comply with this Order.


DATED: 9/16/25                          FOR THE COURT:
                                        Stephen J Manz, Clerk of Court

                                        by: /s/Jennifer Speer, Deputy Clerk

NORRED LAW, PLLC
515 E. Border St.
Arlington, TX 76010
O 817-704-3984
F 817-524-6686
www.norredlaw.com

CT Corporation System
Nelnet, Inc.
1999 Bryan St. #900
Dallas, TX 75201

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
Nelnet, Inc.
1999 Bryan St. #900
Dallas, TX 75201

9590 9402 9007 4122 5519 70

2. Article Number (Transfer from service label)

9589 0710 5270 3001 8204 38

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE



## U.S. Postal Service™
## CERTIFIED MAIL RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage
$

Sent To

**CT Corporation System**
**Nelnet, Inc.**
**1999 Bryan St. #900**
**Dallas, TX 75201**

Street and A

City, State, Z

PS Form 3800, January 2023 PSN 7530-02-000-9047      See Reverse for Instructions

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

# Certified Mail service provides the following benefits:

- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

**Important Reminders:**

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt;* attach PS Form 3811 to your mailpiece;

- Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
- Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
- Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).
- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800,** January 2023 *(Reverse)* PSN 7530-02-000-9047

**SENDER:** *COMPLETE THIS SECTION*

- ◼ Complete items 1, 2, and 3.
- ◼ Print your name and address on the reverse so that we can return the card to you.
- ◼ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**CT Corporation System**
**Nelnet, Inc.**
**1999 Bryan St. #900**
**Dallas, TX 75201**

9590 9402 9007 4122 5519 70

2. Article Number *(Transfer from service label)*

9589 0710 5270 3001 8204 38

PS Form 3811, July 2020 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 9007 4122 5519 70

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**NORRED LAW, PLLC**
515 E. Border St.
Arlington  TX 76010
O  817-704-3984
F  817-524-6686
www.norredlaw.com